## Horatio H. Mason v. Horace M. Stevens.

1. LACHES—*Will Defeat a Right of Redemption.*—The right to redeem is an equitable one which must be asserted within a reasonable time and may be lost by laches.

2. SAME—*When a Court of Equity Will Not Lend Its Aid to Enforce Stale Demands.*—When a court of equity is asked to lend its aid in the enforcement of a demand which has become stale, there must be some cogent and weighty reasons presented showing why it has been permitted to become so.

3. TENDER—*Must be Kept Good to Have the Effect Intended.*—A tender must be kept good, ready to be paid, subject to the order of the party to whom it is made, at any time he decides to accept it.

Bill to Redeem.—Appeal from the Circuit Court of DeKalb County; the Hon. HENRY B. WILLIS, Judge, presiding.   Heard in this court at the April term, 1900.   Affirmed.   Opinion filed October 8, 1900.

W. C. KELLUM and J. B. STEPHENS, attorneys for appellant.

CARNES & DUNTON, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

At the February term, 1880, of the DeKalb Circuit Court, appellant filed a bill in chancery against appellee seeking to redeem the southeast quarter of section No. 20, town 41 north, range 3 east of the third principal meridian, alleging that Peter J. Rickard had contracted in writing with Gurdon Hewitt for the purchase of said premises; that on December 10, 1876, there was due Hewitt on said contract the sum of $3,600; that on said date appellee loaned Rickard said sum of money, which was paid upon said contract; that for the purpose of securing appellee Rickard caused a deed of conveyance to be made by Hewitt to appellee for said premises; that the deed, although absolute on its face, was intended simply as security for the payment of said sum of money and interest; that Rickard was indebted to appellant and on December 18, 1877, the latter obtained a judgment against him for $1,416, upon which execution was issued and levied upon the premises in question; that said premises were advertised for sale and duly sold to appellant for the sum of $375, and that appellant is the owner of the same, subject to the deed from Hewitt to appellee given as a mortgage; at the same term appellee filed his answer, in which he admits the contract between Rickard and Hewitt for the purchase of said lands, and alleges that there was due on the same, December 10, 1876, the sum of $3,399, together with ten per cent interest thereon from May 1, 1876; that on December 10, 1876, Rickard was indebted to appellee in the sum of $2,867.36, and also to one Tina Eckar in the sum of $3,148, the latter being secured by mortgage on the northwest quarter of said section No. 20; that on December 13, 1876, appellee advanced to Rickard a sufficient sum of money to pay off the Eckar mortgage and took a mortgage from Rickard and wife on said northwest quarter of section 20 to secure the amount so advanced and also the money due him as aforesaid, making a total of $6,015.30, for which amount Rickard executed his note to appellee, payable three or five years after date with interest at the rate

of ten per cent per annum, payable annually; that on the same day Rickard assigned to appellee the contract held by him from Hewitt for the purchase of the southeast quarter of said section upon the understanding and agreement that appellee should pay the amount due Hewitt and take the title of said premises to himself as security for the amount paid, with ten per cent interest thereon from the date of the transaction, and also as further security for said sum of $6,015.39, and interest; that on February 3, 1879, appellee caused said northwest quarter of section 20 to be sold under the power of sale contained in the mortgage and became the purchaser thereof himself; that appellant was present at the sale and bid thereon, but that the same was sold to appellee for $5,000, leaving a balance due of $1,908.37, for which he was entitled to hold the southeast quarter of section 20 as well as for the sum paid by him upon the Hewitt contract. At the October term, 1880, of said court, appellee filed a cross-bill, setting out the facts stated in the answer as above, praying for an accounting of the amount due him and the foreclosure of the equity of redemption of all parties in said southeast quarter of section 20 unless the sums due him were paid. The cross-bill was answered and a replication filed to the answer. No further steps appear to have been taken in the proceedings until the June term, 1895, of said court, when appellant filed an amendment to his original bill. In the amendment appellant alleges that under his judgment referred to in the original bill, the sheriff sold and deeded to him not only the southeast quarter of said section No. 20, but also the northwest quarter of said section; that on March 4, 1878, appellant tendered to appellee the full amount secured to the latter by both quarter sections but that appellee refused to receive said sum; that at the time of the foreclosure sale of said northwest quarter, appellee took possession of said premises and has ever since held possession thereof; that appellant is still ready to pay appellee the sum due him and prays that upon the payment of said sum he may redeem both quarter sections. At the October term, 1896, appellant filed another amendment set-

ting up said matters more fully. Appellee filed pleas to the bill as amended in which he set up as to the northwest quarter of said section 20 the defense of laches and the seven years statute of limitations. At the February term, 1897, there was a hearing upon the pleas and the same were allowed. Afterward, on July 28, 1899, there was a final hearing and a decree entered allowing appellant to redeem said southeast quarter of section 20 upon his paying the balance due on said mortgage indebtedness of $6,015.30 with interest at the rate of ten per cent per annum, and also the amount paid by appellee to Hewitt upon the contract for said southeast quarter, with interest at the rate of ten per cent per annum, appellee being at the same time charged with rents on said premises. It was stipulated by the parties that the interest and rents should be computed to November 1, 1899. The amount found due by the court was $10,042.19, which amount, with interest at the rate of five per cent per annum from November 1, 1899, appellant was decreed to pay within six months as a condition for the redemption of said premises.

Appellant insists that the trial court erred in allowing the pleas of laches and the statute of limitations as to the northwest quarter of said section No. 20, and also in allowing interest upon the amount claimed to be due appellee from the time of the alleged tender in 1878.

First. Stevens having been in possession of the northwest quarter of said section 20 since 1879, as charged by the amended bill, and the answer filed in 1880 having fully apprised appellant of appellee's claim to the premises, it is clear that the complainant was guilty of laches in not seeking to redeem until 1895. The right to redeem is an equitable one which must be asserted within a reasonable time and may be lost by laches. "When a court of equity is asked to lend its aid in the enforcement of a demand that has become stale, there must be some cogent and weighty reasons presented why it has been permitted to become so." McDearmon v. Burnham, 158 Ill. 55. No reason is attempted to be shown by the bill as amended why appel-

lant waited fifteen years after he was informed of appellee's claim, before seeking to assert a right to redeem. After waiting so long a time without reason, equity and good faith will not now permit appellee to redeem said premises. The filing of the amendment in 1895 for the first time brought in the question of redeeming the northwest quarter of said section 20 and was as to it the beginning of a new suit. The statute of limitations was therefore, as to said premises, a proper defense.

Second. As to the southeast quarter of said section No. 20 no question was made as to the right of appellant to redeem, the only controversy being as to the amount to be paid. Appellant claims that on March 4, 1878, he made a tender to appellee of the total amount due the latter on both tracts of land and that therefore interest should cease from that date. At the time the tender is alleged to have been made, however, the note for $6,015.30 was not due and appellee could not have been compelled to receive the money. To make the tender appellant obtained the greater portion of the money used from a bank. Appellant met appellee in the office of a third person, and, not knowing the exact amount due, said to appellee, " I want to make you a tender of the full amount of all Rickard owes you and I have the legal tenders right here." Appellee made a reply indicating he thought there was a plan to take advantage of him and went away, giving no information as to the amount due. Appellant thereupon returned that portion of the money which he had gotten out of the bank and the same went into the bank funds. He gave no note for the money and it does not appear to have been charged to him. He simply had the use of it for the purpose of making the tender. He made no claim to the money after that and did not in any way attempt to keep his tender good.

Upon this question the Supreme Court in the case of Aulger v. Clay, 109 Ill. 487, said:

" We will not stop to discuss the question whether there was a sufficient tender, as, if there was, it was not kept good, so as to stop the accruing of interest. To have that

effect the tender must be kept in money, at all times ready to be paid, and subject to the order of the creditor at any time when he shall comply with his contract, so as to be authorized to receive it. This is the general doctrine, and is settled in this court."

We are of opinion that even if the tender could be considered as properly made, yet, as it was not kept good, the claim of appellant that interest should cease from the time of such attempted tender, can not be sustained. After the sale of the northwest quarter of said section 20 there was still $1,908.37 of the debt secured thereby which was also a lien upon the southeast quarter and which drew interest at the rate of ten per cent per annum. The amount paid by appellee on the Hewitt contract, which was a lien upon the same premises, was also, by the agreement between appellee and Rickard, to draw interest at the rate of ten per cent per annum. The court properly computed the interest in this manner. It was agreed by the parties that in case interest should be allowed by the court in the manner indicated, that it should be computed to November 1, 1899, and that the amount of principal and interest, after allowing all credits for rent and otherwise, to said date, would be the sum of $10,042.19. This is the amount for which the decree was entered. We find no reason in the record for disturbing the decree of the court below and it is therefore affirmed. Decree affirmed.